**UNITED STATES of America**

v.

**Aniello PALERMO, Defendant.**

**Cr. No. 45294.**

United States District Court
E. D. New York.

March 3, 1959.

Cornelius W. Wickersham, Jr., U. S. Atty., Eastern Dist. of New York, Brooklyn, N. Y., for United States, Charles L. Stewart, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

Jerome Lewis, Brooklyn, N. Y., for defendant.

BRUCHHAUSEN, District Judge.

The defendant moves for leave to appeal in forma pauperis. After trial by jury he was found guilty on Counts 7 and

8 of the indictment, alleging possession and passing of counterfeit bills.

He was represented at the trial by an attorney of his own selection, Mr. Jerome Lewis, whom the Court assigned to represent him on this motion.

■ An indigent defendant may not require the Government to finance his appeal, based on frivolous issues. In this connection, the Court in Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 975, 2 L.Ed.2d 1060 ruled as follows:

"The only statutory requirement for the allowance of an indigent's appeal is the applicant's 'good faith.' 28 U.S.C. § 1915, 28 U.S.C.A. § 1915. In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous. Farley v. United States, 354 U.S. 521. * * * Unless the issues raised are so frivolous that the appeal would be dismissed in the case of a nonindigent litigant, Fed. Rules Crim.Proc. 39(a), 18 U.S.C.A., the request of an indigent for leave to appeal in forma pauperis must be allowed."

The first claim of error, urged by the defendant pertains to Count 8 of the indictment, which is as follows:

"That on or about the 7th day of July 1957, at Brooklyn, New York, within the Eastern District of New York, the defendant, Aniello Palermo, did, with intent to defraud, knowingly keep in his possession and conceal falsely made, forged and counterfeited obligations of the United States, to wit: two Twenty-Dollar ($20.00) Federal Reserve Notes bearing the purported serial number B-97809510-B. (Title 18, United States Code, Sections 472 and 2)."

The evidence in support of this charge included the testimony of the Government witness, John Sangiovanni, a bartender, who testified that the defendant and an individual, accompanying him, each was in possession of one of the notes and that they tendered the notes to him in payment for beverages and received cash in return.

The defendant claims a defect in the charge in failing to allege that the defendant aided and abetted another in possessing and passing one of the bills.

■ Upon the proof, the jury was warranted in convicting the defendant as a principal, possessing one of the counterfeit notes and as a principal in aiding and abetting the commission of a crime in respect of possession of the other note.

Title 18 U.S.C. § 2 provides that one aiding or abetting the commission of a crime is punishable as a principal.

■ An individual charged in an indictment as a principal may be convicted of aiding and abetting. United States v. Knickerbocker Fur Coat Co., 2 Cir., 66 F.2d 388.

It is unnecessary to consider the alleged error respecting Count 7. United States v. Cioffi, 2 Cir., 253 F.2d 494.

It is hereby certified that the appeal is not taken in good faith.

The motion is denied.