UNITED STATES of America,
Plaintiff-Appellee,

v.

Ernest Joseph GIBAS, Donald Dowd Fulton and Michael Emmett Byrne,
Defendants-Appellants.

No. 13313.

United States Court of Appeals
Seventh Circuit.

March 19, 1962.

Rehearing Denied April 17, 1962.

---

7. "Order Granting Temporary Injunction".

9. See Note 4, supra.

Richard E. Gorman, Chicago, Ill., for appellants.

James P. O'Brien, U. S. Atty., Chicago, Ill., Raymond K. Berg, Chicago, Ill., John Peter Lulinski, John J. Quan, Robert F. Monaghan, Asst. U. S. Attys., of counsel, for appellee.

Before SCHNACKENBERG, KNOCH and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

Ernest Joseph Gibas, Donald Dowd Fulton and Michael Emmett Byrne, defendants-appellants, were charged in a multiple count indictment with conspiracy[1] to violate 29 U.S.C.A. § 186(b)[2]

---

1. Conspiracy is charged in violation of 18 U.S.C.A. § 371.

2. § 302(b) of the Labor Management Relations Act, 1947, which provided: "(b) It

and charged with substantive violations of that section.

The first count of the indictment charged, in substance, a conspiracy between Gibas, business manager and financial secretary-treasurer of Machinery Movers, Riggers and Machinery Erectors, Local Union 136, Fulton and Byrne, business representatives of the Local, Michael Roy Tagney, its president until his death, and others whose names are unknown, to unlawfully receive and accept, and to unlawfully agree to receive and accept, money from contractors employing members of Local 136 in an industry affecting commerce. Each of the substantive counts identified the contractor-employer, alleged the interstate character of his business and that certain of his employees were members of Local 136; alleged the defendant named therein was a representative and official of Local 136 and on a specified date received and accepted a specific sum of money from the contractor-employer in violation of § 186(b).

The case was tried to a jury. All three defendants were convicted on the first count charging conspiracy. The defendant Gibas was found guilty and convicted on thirty-four of the substantive counts, Fulton was convicted on the six substantive counts in which he was named, and Byrne was convicted on the one substantive count naming him. Gibas was sentenced to imprisonment for a total of six years and the payment of fines totalling $8000.00; Fulton to imprisonment for one year and the payment of fines totalling $3000.00; and Byrne was sentenced to imprisonment for one year and the payment of a fine of $1000.00. All three defendants appealed.

The contested issues presented by defendants' appeal are:

(1) Did the District Court commit reversible error in instructions given or in the refusal to give instructions tendered by defendants?

(2) Did prejudicial newspaper publicity during the trial deprive defendants of a trial by an impartial jury?

(3) Was there sufficient proof of interstate commerce; and, with respect to certain of the counts, of employment of members of Local 136 by the particular contractor; and of Byrne's participation in the conspiracy and receipt of a payment?

We have carefully reviewed the record but we do not deem it necessary to disposition of the issues and consideration of the contentions made by defendants that we undertake to summarize the evidence as it bears on each defendant or in connection with the many transactions involved. Pertinent facts, in so far as the general picture reflected by the record is concerned, include the following. The various contractor-employers are engaged in the machinery moving business. They do not maintain large staffs but rely on Local 136's hiring hall to furnish them with such additional employees or riggers as are needed for the movement, dismantling or erection of machinery in connection with a particular job or contract. Members of Local 136, represented by defendants, are supplied for this purpose but sometimes if members are not available to fill a request non-members, who have registered at the hiring hall, are supplied. Activities of the contractor-employers named in counts under which convictions resulted concerned, in each instance, the pick-up of machinery in Illinois for delivery to locations outside of Illinois, and the pick-up and delivery in Illinois of machinery shipped to Illinois from other places. The percentage of the total business of each which involved such interstate aspects varied but in one instance was estimated to be eighty per cent of the total, in another sixty to eighty percent, and in the others from five to twenty-five percent.

The defendants contend that the District Court erred in instructing

shall be unlawful for any representative of any employees who are employed in an industry affecting commerce to receive or accept, or to agree to receive or accept, from the employer of such employees any money or other thing of value."

the jury that there was no evidence presented indicating that any of the payments made by any employer came within the exceptions to § 186(b).[3] Not only was no proper objection made to the instruction but from our examination of the record references relied upon by the defendants in this connection we are in complete agreement with the trial judge that there was no evidence which required the submission of that question to the jury. The government's witnesses, in testifying to statements made by a defendant, in some instances repeated the label the defendant had used to characterize a payment—such as "fine", "commission" or "payment for an interest" of the union representative in the contractor's business. But there was no testimony or other evidence of any probative value to indicate that any of the payments so described fell within any of the exceptions. And, with respect to the payments referred to as "dues" it was admitted by the witness that no written assignment of the employee authorizing such payments existed. We perceive no error in the court's instructions pertaining to the matter of exceptions to the prohibition of § 186(b). It was within the province of the court to so comment on the evidence (Quercia v. United States, 289 U.S. 466, 469–470, 53 S.Ct. 698, 77 L.Ed. 1321) and, on the facts here involved, to submit these irrelevant issues to the jury was wholly unnecessary and could have been confusing.

The testimony of the contractor-employers was sufficient to establish that the members of Local 136 working for them were employed in an industry affecting interstate commerce. United States v. Pecora, 3 Cir., 267 F.2d 512; Cone Bros. Contracting Company v. Bricklayers, Masons, etc., 5 Cir., 263 F.2d 297; United States v. Floyd, 7 Cir., 228 F.2d 913. And, the trial court did not err in instructing the jury that:

"If you believe the testimony of the Government's witnesses concerning the pick-up of machinery in Illinois for delivery to locations outside of Illinois, and the pick-up and delivery in Illinois of machinery that was shipped to Illinois from places outside of Illinois, the employees of said employers were engaged in an industry affecting commerce".

The defendants' contentions that the court erred in giving this instruction and rejecting a tendered instruction on the subject are without merit.

Defendants urge that the District Court committed reversible error in refusing an instruction tendered by defendants to the effect that the government was required to prove that the re-

3. The exceptions to § 186(b) are set forth in 29 U.S.C.A. § 186(c), (§ 302(c) of the Labor Management Relations Act, 1947) which in so far as here pertinent provides:

"(c) The provisions of this section shall not be applicable (1) with respect to any money or other thing of value payable by an employer to any representative who is an employee or former employee of such employer, as compensation for, or by reason of, his services as an employee of such employer; (2) with respect to the payment or delivery of any money or other thing of value in satisfaction of a judgment of any court or a decision or award of an arbitrator or impartial chairman or in compromise, adjustment, settlement or release of any claim, complaint, grievance, or dispute in the absence of fraud or duress; (3) with respect to the sale or purchase of an article or commodity at the prevailing market price in the regular course of business; (4) with respect to money deducted from the wages of employees in payment of membership dues in a labor organization: *Provided*, That the employer has received from each employee, on whose account such deductions are made, a written assignment which shall not be irrevocable for a period of more than one year, or beyond the termination date of the applicable collective agreement, whichever occurs sooner; or (5) with respect to money or other thing of value paid to a trust fund established by such representative, for the sole and exclusive benefit of the employees of such employer, and their families and dependents (or of such employees, families, and dependents jointly with the employees of other employers making similar payments, and their families and dependents): * * *."

ceipt of the payments by the defendants was "with an evil or bad purpose". It was not error to refuse to so instruct. Korholz v. United States, 10 Cir., 269 F. 2d 897, 903. And, defendants' reliance upon United States v. Inciso, 7 Cir., 292 F.2d 374, in this connection, is wholly misplaced. In Inciso, Chief Judge Hastings, in sustaining the admissibility of certain evidence as both a false exculpatory statement and as proof of defendant's awareness of the prohibitions of § 186(b) and (d) stated, "[w]e hold that the term 'willfully violates' in Section 186(d) contemplates proof of awareness of the restrictions of that section or a reckless disregard for that section." But there is nothing in the rationale of Inciso to indicate it holds that the receipt must be with an evil or bad purpose. Moreover, defendants made no objection to the propriety of the instruction the court did give in so far as its statement of the knowledge element was concerned.

■ In view of the hiring custom shown by the record—the use by the contractor-employers of Local 136's hiring hall as the source of employees and riggers as needed, and the continuity of the Local as such source for the supply of workmen, albeit a revolving of employers in so far as the individual employee may be concerned—we find no merit in defendants' arguments that it was error to instruct that the contractor-employer making the payment to defendants did not need to have a member of the Local in his employ on the specific date of the payment and that it was error not to direct a verdict of acquittal on counts where the proof did not establish that the contractor-employer had at least two employees who were members of Local 136 at the time of the payment involved. United States v. Pecora, 3 Cir., 267 F.2d 512, 514.

■ After the submission of evidence was closed but before the case was submitted to the jury there appeared, over the week-end, two newspaper articles in metropolitan dailies which contained references, stricken from exhibits which had been offered in evidence at the trial, which an office employee of one of the contractor-employers had entered on the employer's records, describing certain of the payments to the defendants as "Union graft" and as made to "Gestapo". When the articles were called to the attention of the trial judge he interrogated the jurors as to whether any of them had read the articles. None of them had done so, and two who had seen the headline [4] of the article, but did not read the article, stated that they were not in any way prejudiced thereby. The court properly denied defendants' motion for a mistrial based on the newspaper publicity. A motion of this character is addressed to the sound discretion of the court. Under the circumstances here there was no abuse of discretion. United States v. Carruthers, 7 Cir., 152 F.2d 512, 518–519. No prejudice was "manifest". Cf. Irvin v. Dowd, 366 U.S. 717, 723–724, 81 S.Ct. 1639, 6 L.Ed.2d 751.

■ On the issue of the sufficiency of the evidence to warrant submission of the case to the jury and to sustain the convictions we must view the evidence in the light most favorable to the government. It is not for us to weigh the evidence nor reject inferences properly deducible therefrom. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680; United States v. Coduto, 7 Cir., 284 F.2d 464; United States v. Guido, 7 Cir., 251 F.2d 1; United States v. Pinna, 7 Cir., 229 F.2d 216. From our study of the record we are convinced as to the sufficiency of the evidence to sustain the convictions of defendants Gibas and Fulton and to sustain the conviction of defendant Byrne on the conspiracy count. Inasmuch as the sentences imposed on Byrne are concurrent and the payment of the fine imposed on the conspiracy count is to "stand as payment of the fine imposed on count 50" we find it unnecessary to consider the contention that there is no

---

4. The headline was "COURT IS TOLD OF SHAKEDOWN BY UNION BRASS".

evidence that Byrne received the payment referred to in count 50. Where conviction on one count of an indictment is sustained it becomes unnecessary to consider any other on which the sentence is concurrent with the first. United States v. Cioffi, 2 Cir., 253 F.2d 494, 496.

Although we have not commented on all of the arguments advanced by defendants we have, in arriving at the disposition we make of the case, considered each of those arguments and the authorities relied upon to support them. We are not persuaded that they possess merit. It is our conclusion that the judgment orders of the District Court should be affirmed.

Affirmed.