**UNITED STATES of America,**
**Plaintiff-Appellee**

v.

**Haney MIMS, also known as Big Red,**
**Defendant-Appellant.**

**No. 14753.**

United States Court of Appeals
Seventh Circuit.

Feb. 2, 1965.

Rehearing Denied Feb. 26, 1965.

**852**

Ellis E. Reid, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., Arthur L. Dunne, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, John Powers Crowley, Asst. U. S. Attys., of counsel, for appellee.

Before CASTLE, Acting Chief Judge, KILEY, Circuit Judge, and MERCER, District Judge.

CASTLE, Acting Chief Judge.

Haney Mims, the defendant-appellant, was convicted, following a trial before the court without a jury, on a multiple count indictment charging the unlawful sale, and the unlawful receipt, concealment etc., of a narcotic drug on designated separate occasions, in violation of 26 U.S.C.A. § 4705(a) and 21 U.S.C.A. § 174, respectively. He was sentenced to imprisonment for a term of ten years as a second or subsequent offender.

The main contested issue presented by the defendant's appeal concerns the sufficiency of the evidence to support the conviction.

█ It is well established that in resolving the issue of sufficiency of the evidence to sustain a conviction we must, at the appellate level, view the evidence and the reasonable inferences which may be drawn therefrom in the light most favorable to the government. Conflicts in the evidence are for resolution by the trier of the facts—as are determinations of credibility. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680.

█ The sentence imposed on the defendant was a general one and the penalty does not exceed that prescribed for any one count. Consequently, if the evidence is sufficient to support a conviction on any one of the several counts the conviction must be affirmed. United States v. Cephas, 7 Cir., 263 F.2d 518; Cf. United States v. Gibas, 7 Cir., 300 F.2d 836, 840–841; United States v. Cioffi, 2 Cir., 253 F.2d 494, 496. In view of this principle we may in the instant case limit our consideration to the sufficiency of the evidence as it bears on the sales alleged to have been made by the defendant on or about September 16 and September 26, 1963. Each of these occasions represents a classic example of a so-called "controlled" purchase of narcotics by an informant kept under surveillance. The record discloses that the requirements set out in Panci v. United States, 5 Cir., 256 F.2d 308, 312, with one exception, i. e., recovery of the money, were rigidly adhered to. On each occasion the informant was searched prior to his meeting with the defendant and found free of money or narcotics, save for a small amount of silver. The informant was then escorted to his rendezvous with the defendant by federal agents or a local police officer and the defendant was observed to point out a package which the informant picked up. The informant was observed handing money to the defendant just after or just prior to receiving the package. Immediately following each of the transactions the informant, still under surveillance, went directly to an agent of the Federal Bureau of Narcotics to whom he surrendered the package. He was then searched and found free of money except for some silver. To this was

added the additional surveillance of the defendant Mims who on each occasion was observed to plant the package at the exact location to which he later led the informant, who picked it up after defendant pointed it out. The subsequent chain of custody of the packages, their condition, and the analysis which revealed the contents to be heroin was stipulated and is not contested. On the September 16th occasion there was but a mometary gap in the agent's surveillance of the informant when the informant left the agent's automobile to enter a tavern from which he then emerged with the defendant. He was then observed handing the defendant money and being escorted by the defendant to the location where the informant bent down and picked up the package.

 Inasmuch as the defendant was not arrested until December 2, 1963, it appears of no import that he did not at that time have in his possession any of the official funds supplied the informant for the purpose of making the purchases.

The defendant contends the evidence falls short of the standard of proof beyond a reasonable doubt and is equally consistent with the defendant's innocence. He characterizes the evidence as "thinly circumstantial" apart from the testimony of the informer whose credibility he attacks. But the question of credibility was resolved by the trier of the facts and viewing the evidence in the light most favorable to the government it amply supports defendant's conviction. We are not persuaded by the contention advanced in oral argument that the government's proof is insufficient because the prosecution did not elicit from the government's surveillance witnesses express and direct testimony negating the possibility that the informant might have obtained the packages from a source other than the defendant. The direct testimony concerning the placement of the packages by the defendant and their retrieval by the informant served to do just what defendant claims is lacking.

We have considered the additional contention of the defendant that he was denied a fair trial because of interference by the prosecutor in the course of defendant's cross examination of the informant and by the introduction of prejudicial testimony which could not be connected up to the defendant. We find the contention devoid of merit. The trial was before the court without a jury. The testimony complained of was stricken by the court. We see nothing in the incident on cross examination which could have operated to the prejudice of the defendant and do not regard it as meriting detailed discussion.

The judgment order of the District Court is affirmed.

Affirmed.