**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Norman H. WEAVER, Defendant-
Appellant.**

**No. 15235.**

United States Court of Appeals
Seventh Circuit.

May 13, 1966.

Irvin F. Richman, Arthur Abraham, Morton J. Hauslinger, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, John Powers Crowley, Asst. U. S. Attys., Chicago, Ill., for appellee.

Before SCHNACKENBERG and CASTLE, Circuit Judges, and MAJOR, Senior Circuit Judge.

CASTLE, Circuit Judge.

Norman H. Weaver, defendant-appellant, prosecutes this appeal from a judgment of conviction and sentence, entered following a trial before the court without a jury, on each of six counts of an indictment[1] charging violations of 18 U.S. C.A. § 656, § 657, § 1005, § 1006, § 2 and § 371. The defendant was sentenced to imprisonment for a period of one year on each of the six counts, the sentences to run concurrently with each other.

Defendant's appeal challenges the sufficiency of the evidence to sustain the convictions.

On appeal, in resolving the issue of the sufficiency of the evidence to sustain a conviction, we view the evidence, together with the reasonable inferences which may be drawn therefrom, in the

---

1. The indictment is in twenty-one counts, and in addition to Norman H. Weaver names Lawrence Stickell and Lester Brock as defendants. Weaver was convicted on all six of the counts in which he is named (Counts III, IV, XIV, XV, XVI and XXI).

light most favorable to the government. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680; United States v. Abraham, 7 Cir., 347 F.2d 395, 396.

Count III of the indictment charges the defendant, together with Lawrence Stickell and Lester Brock, with a misapplication of $20,000 of the funds of Midwest Capital Corporation, a licensee of the Small Business Administration, while a member of the board of directors of that corporation, and with misrepresenting that the amount was a loan to Grand Improvement Company when in fact it had been diverted to the personal use of the defendant for the purchase of bank stock. Count IV refers to the same $20,000 transaction and charges the three defendants with unlawful participation in benefits therefrom.

Counts XIV, XV and XVI charge similar offenses in connection with the funds and records of the First State Bank of Westmont, Illinois, of which Weaver was a director and chairman of the board, and the deposits of which were insured by the Federal Deposit Insurance Corporation. The transactions referred to in these counts involve alleged misapplication or diversion of funds of the bank to the purchase by Brock of the stock of Crest Finance Company,[2] false entries in the bank records reflecting deposits to the credit of Crest Finance Company, and disbursements from such account to Weaver. Count XXI charges a conspiracy between the three defendants to commit the substantive offenses charged.

■ Counts III and IV charge a violation of 18 U.S.C.A. § 657 and § 1006, respectively. The gravamen of the crime defined in § 1006 is the fraudulent receipt of benefits by an officer in a loan made by his institution; the gravamen of § 657 is the fraudulent conduct of an officer in misapplying the funds of his institution. United States v. Hickey et al., 7 Cir., 360 F.2d 127, 144 (April 4, 1966)

The record discloses that in June of 1962, defendant Norman H. Weaver, a resident of Galesburg, Illinois, where he and his brother operated an incorporated automobile sales agency known as Weaver's Motors, expressed an interest in joining with Lawrence Stickell, a Galesburg attorney, in the purchase of Midwest Capital Corporation,[3] a licensee of the Small Business Administration. In July of 1962, Stickell entered into an agreement for the purchase of Midwest's stock from its sole stockholder. A $50,000 down payment was made on the $250,000 purchase price and 51% of the stock was delivered to Stickell. On October 2, 1962, Stickell voted the stock to elect himself, Weaver and Lester Brock directors of Midwest. At the same meeting of shareholders Brock was elected president of the corporation and Weaver its treasurer.

The evidence relating to the violations charged in Counts III and IV of the indictment, when viewed in the light most favorable to the government, warranted the trial court in finding the existence of facts which may be summarized as follows. In the early part of November 1962, Weaver and Stickell began negotiations for the purchase of the First State Bank of Westmont which culminated in an agreement between Weaver and the owners of 335 shares of the stock of the bank for purchase of such stock by Weaver for $469,000. Of this amount $20,000 was to be paid on December 19, 1962. In order to obtain $20,000 to make this payment Weaver, on December 19, 1962, arranged with Stickell and Brock for the issuance of a Midwest Capital Corporation check in that amount payable to LaSalle National Bank. Weaver delivered to Brock his personal check on a Galesburg, Illinois, bank made out to Midwest for $20,000 as "security" stating that "it would be only a one or two-day transaction". The Midwest check to the LaSalle National Bank was used to

2. The transactions involving Crest Finance Company resulted in State court civil litigation culminating with the opinion reported as Crest Finance Co., Inc. v.

First State Bank of Westmont, 66 Ill. App.2d 364, 214 N.E.2d 526.

3. Sometimes referred to herein as "Midwest".

purchase a cashier's check from the latter payable to the sellers of the bank stock, which was delivered to them pursuant to the purchase agreement. About two weeks later Weaver told Brock not to deposit the personal check Weaver had given him. That check was later returned to Weaver. Weaver advised Brock that a loan would be set up on the books of Midwest to Grand Improvement Company to cover the $20,000 withdrawal from Midwest's funds. Grand Improvement Company was a corporation controlled by Weaver. Such a cover-up loan was set up on the books of Midwest. The loan application and agreement were dated November 15, 1962. However these papers were not made out or executed until sometime late in January or early in February, 1963; and when executed they were signed by a nominee of Weaver's, an employee of Weaver's Motors, who signed as president of Grand Improvement Company at Weaver's request, although he had never been an officer of Grand Improvement Company prior to that date. Grand Improvement Company received no moneys from Midwest.

In our opinion the above facts, and the reasonable inferences deducible therefrom, are amply sufficient to sustain the defendant's convictions on the offenses charged—fraudulent misapplication of Midwest's funds by Weaver as charged in Count III, and his participation in benefits of the fraudulent transaction as charged in Count IV. The defendant's contention that the evidence fails to establish fraudulent intent upon his part is unpersuasive. It is based for the most part on the faulty premise that it was necessary for the government to establish that the personal check he delivered to Brock but later retrieved was worthless and that the loan to Grand Improvement Company was uncollectible. But actual loss to the officer's institution is not an element essential to the establishment of the fraudulent intent requisite to a conviction of the type of offense here involved. Cf. Golden v. United States, 1 Cir., 318 F.2d 357, 361; Robin-

son v. United States, 6 Cir., 30 F.2d 25, 27; Hargreaves v. United States, 9 Cir., 75 F.2d 68, 72.

Where conviction on one count of an indictment is sustained it becomes unnecessary to consider the conviction on any other count on which the sentence imposed is not greater than and is concurrent with that imposed on the count sustained. United States v. Gibas, 7 Cir., 300 F.2d 836, 841; United States v. Cioffi, 2 Cir., 253 F.2d 494, 496. Inasmuch as we sustain the defendant's conviction on each of Counts III and IV, and his sentence on each of the remaining four counts is also for a one year period and is concurrent with the sentences imposed on Counts III and IV, we perceive no useful purpose in extending this opinion to discuss the defendant's contention that the evidence relating to the remaining four counts is insufficient to sustain the convictions thereon.

The judgment order appealed from is affirmed.

Affirmed.