UNITED STATES of America, Plaintiff-Appellee,

v.

Anthony D'ANTONIO, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

Joseph SPAGNOLI, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

Louis BARTEMIO and Arthur Rachel, Defendants-Appellants.

Nos. 15188, 15190, 15191.

United States Court of Appeals Seventh Circuit.

June 9, 1966.

Rehearing Denied June 30, 1966.

Anna R. Lavin, Edward J. Calihan, Jr., Melvin B. Lewis, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, John Powers Crowley,

Richard T. Sikes, Charles H. Turner, Asst. U. S. Attys., Chicago, Ill., Lawrence Jay Weiner, Asst. U. S. Atty., of counsel, for appellee.

Before KNOCH, CASTLE and SWYGERT, Circuit Judges.

CASTLE, Circuit Judge.

Anthony D'Antonio, Joseph Spagnoli, Louis Bartemio and Arthur Rachel, defendants-appellants,[1] prosecute these appeals from the respective judgment of conviction and sentence entered as to each following a jury trial under an indictment charging the defendants[2] with participation in two conspiracies, each a violation of 18 U.S.C.A. § 371, and with a substantive offense in violation of 18 U.S.C.A. § 471. The defendants were found guilty on all of the three counts of the indictment. Count I charges a conspiracy to transport counterfeit traveler's checks in interstate commerce in violation of 18 U.S.C.A. § 2314; Count II charges a conspiracy to counterfeit Series "E" United States Savings Bonds, and to pass, utter, and sell such counterfeited bonds, in violation of 18 U.S.C.A. § 471, § 472 and § 473; and Count III charges the substantive offense of counterfeiting a Series "E" United States Savings Bond of $100 denomination and bearing a designated issue date and serial number.

The defendants do not challenge the sufficiency of the evidence to sustain their respective convictions. They assail the government's action in charging the existence of two conspiracies as constituting a "misuse of the doctrine of conspiratorial liability", and contend that the admission of irrelevant and prejudicial matter in evidence, an unsworn prejudicial statement by the prosecutor, and prejudicial argument to the jury vitiate their convictions. On behalf of defendant Spagnoli it is additionally contended that the government's use of him as a witness in another prosecution where he proclaimed his innocence of the offenses here charged precludes his conviction thereon.

 We perceive no merit to the defendants' contention that we should regard the government's prosecution of the defendants for both of the conspiracies charged as merely a device or scheme calculated to afford additional area for the admission of testimony of conversations incriminating of non-present defendants as well as providing a subterfuge for doubling the permissive penalty. It is true, of course, that there is similarity in the subject matter and objectives of the two conspiracies charged. Both involve counterfeit obligations—traveler's checks in the one case, and government bonds in the other. But the indictment alleges and the supporting proofs demonstrate that the first conspiracy, that involving the traveler's checks, antedated by several months the second conspiracy which involves government bonds, and that some different unindicted co-conspirators were involved in each. Prosecution for both of the offenses was neither error nor an abuse or misuse of authority. Cf. Braverman v. United States, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23. And, insofar as defendants predicate error in the admission of evidence on the premise of a misuse of conspiracy charges their complaint is untenable. We have, in addition, considered the several rulings on the admission of testimony concerning conversations tending to incriminate a non-present defendant with respect to which the defendants have made specific complaint and are of the opinion that such rulings were in keeping with the standards recognized as governing the admissibility of such evidence in Lutwak v. United States, 344 U.S. 604, 73 S.Ct. 481, 97 L.Ed. 493; Krulewitch v. United States, 336 U.S. 440, 69 S.Ct. 716, 93 L.Ed. 790; Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680; United States v. Konovsky, 7 Cir., 202 F.2d 721, 727; United

1. Hereinafter referred to as "defendants".

2. The indictment also names certain others as co-defendant co-conspirators, and additional persons as un-indicted co-conspirators.

States v. Dennis, 2 Cir., 183 F.2d 201, 230–231, affirmed 341 U.S. 494, 71 S.Ct. 857, 95 L.Ed. 1137, and similar cases.

Defendant Spagnoli contends that his testimony given as a government witness in another criminal prosecution[3] renders him immune from conviction on the present indictment. In that trial it was brought out on the direct examination of Spagnoli that he was under indictment for the offenses here involved. During cross-examination Spagnoli was asked if any promises of immunity had been made to him for his testimony. He replied in the negative but voluntarily added a proclamation of his innocence of the present charges, stating:

"I'm innocent to them charges. I didn't conspire with nobody. I don't have to have a deal. * * * I don't need no deal. I am innocent of them charges. I didn't do none of them things."

We reject as being wholly devoid of merit the contention that these unresponsive and volunteered self-serving protestations of innocence from the witness stand in another trial serve to immunize Spagnoli from conviction. The government's use of Spagnoli as a witness did not cloak him with immunity from conviction of the offenses for which he was then under indictment, nor constitute a continuing and irrevocable endorsement of his credibility which endowed his self-serving declarations, past or future, with invulnerability. To state the proposition is to refute its reasonableness.

The defendants claim the trial court erred in the scope of the cross-examination permitted the government in connection with a government agent called as a defense witness. The direct examination had opened up the matter of a search made of defendant D'Antonio's trailer, and the agent had testified that no parchment or bond paper, ink, type or press was found in the search. On cross-examination the government was permitted to ask, over objection of the defendants, as to what was found in the search of the trailer. The witness testified that a metal rod or punch about eighteen inches long, some welding rods, a miscellaneous set of keys for automobiles, a two-way radio apparatus, and a radio receiving set capable of receiving police broadcasts were found. The scope of the cross-examination was not improper. Banning v. United States, 6 Cir., 130 F.2d 330, 338. And, unlike Landsdown v. United States, 5 Cir., 348 F.2d 405, relied upon by the defendants, the articles found were not characterized in repeated references by the prosecution as devices illegally possessed or devoted to illegal purposes.

Defendants also assert that the court erred in failing to exclude the testimony of a government witness that defendant Rachel admitted to her that he had once made counterfeit five dollar bills. This evidence, although relating to an independent offense, was admissible for the purpose of showing knowledge and intent. United States v. Lukasik, 7 Cir., 341 F.2d 325, 329; United States v. Chicago Express, Inc., 7 Cir., 273 F.2d 751, 753.

Defendant Spagnoli and his son, a sixth-grader, both testified that on an occasion when Spagnoli appeared at the office of one of the government agents for the purpose of signing a receipt one of the government prosecutors was present and stated that he knew Spagnoli was innocent of the charges. On cross-examination of Spagnoli the prosecutor asked if it would refresh the witness' recollection if "I were to tell you that on the date the receipt bears, July 16, 1964, that I was in Freeport, Illinois,[4] trying a case before [the trial judge] in a jury case that lasted for one week?" and the trial court in overruling defendant's objection

3. United States v. Bolden, aff'd 7 Cir., 355 F.2d 453.

4. The city where court is held for the Western Division of the Northern District of Illinois. The government agent's office referred to was at Chicago, Illinois.

 

observed "that happens to be true. The record is correct". The question was inartfully put to the witness and the interchange which followed was improper but this minor incident occurring in the course of a trial extending over several weeks and producing some 7000 pages of transcribed testimony is not of such gravity as would warrant a conclusion that the defendants were thereby deprived of a fair and impartial trial.

 And, in our opinion, the incidental inference of an illicit relationship between defendant Bartemio and defendant Rachel's sister which was deducible from the testimony concerning the circumstances surrounding Bartemio's arrest is not, on the record before us, subject to an appraisal that it was productive of such prejudice as would require a reversal of defendant's convictions.

 In argument to the jury the prosecutor did overstep the bounds of propriety in vouching for the credibility of the government's witnesses by declaring to the jury that:

> "You can rest assured that we determined before we put them on the stand that what they told us was the truth."

We are of the view that this statement goes beyond the type of those expressions relative to the prosecution's belief in the veracity of its witnesses found not to be improper in Lawn v. United States, 355 U.S. 339, 359, footnote 15, 78 S.Ct. 311, 2 L.Ed.2d 321 and Orebo v. United States, 9 Cir., 293 F.2d 747, 749, relied upon by the government. Here, more than a mere "belief", the fact of a "determination" of veracity, was advanced as the basis for accepting the credibility of the government witnesses.

But apart from this infraction the remaining complaints the defendants make concerning the prosecutor's argument concern matters which in our judgment are within the ambit of zealous but proper advocacy, justifiable reply to subject matter first opened up by argument advanced by the defendants, and proper comment upon evidence having a bearing on appraisal of the credibility of defense witnesses.

 The minor errors we have found in this lengthy trial do not in our opinion warrant, much less require, a reversal. An accused is entitled to a fair trial, but not to a trial free of all error. Lutwak v. United States, 344 U.S. 604, 619, 73 S.Ct. 481. Unsubstantial error is not to be viewed in an attitude separated from reality and oblivious to the context of the record and as thus isolated relied upon to furnish the basis for reversal. Otherwise, a judgment which could be affirmed would be almost impossible to achieve.

The judgment orders of conviction and sentence appealed from are affirmed.

Affirmed.