**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Vito NITTI, Defendant-Appellant.**

**No. 15471.**

United States Court of Appeals
Seventh Circuit.

March 1, 1967.

---

George D. Crowley, Chicago, Ill., Crowley, Barnett & Goschi, Chicago, Ill., of counsel, for appellant.

Edward V. Hanrahan, U. S. Atty., Richard A. Makarski, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, Lawrence Jay Weiner, Asst. U. S. Attys., of counsel, for appellee.

Before CASTLE, KILEY and SWYGERT, Circuit Judges.

CASTLE, Circuit Judge.

Vito Nitti, the defendant-appellant, prosecutes this appeal from the respective judgment of conviction and sentence entered as to him following a jury trial under an indictment charging the defendant[1] with participation in two conspiracies, each a violation of 18 U.S.C.A. § 371, and with a substantive offense in violation of 18 U.S.C.A. § 472. The defendant was found guilty on all of the

---

[1] The indictment also names certain others as co-defendant co-conspirators, and additional persons as un-indicted co-conspirators. This defendant was not named in Count III which charged others with the substantive offense of counterfeiting a United States Savings Bond. The convictions of all other defendants who prosecuted appeals were affirmed in United States v. D'Antonio, 7 Cir., 362 F.2d 151, cert. den. 385 U.S. 900, 87 S.Ct. 204, 17 L.Ed.2d 131.

three counts in which he was named. These are Count I, which charges a conspiracy to transport counterfeit traveler's checks in interstate commerce in violation of 18 U.S.C.A. § 2314; Count II, which charges a conspiracy to counterfeit Series "E" United States Savings Bonds, and to pass, utter, and sell such counterfeited bonds, in violation of 18 U.S.C.A. § 471, § 472 and § 473; and Count IV, which charges the defendant and Vito Zaccagnini with the substantive offense of passing with intent to defraud, a counterfeit United States Savings Bond. The defendant was sentenced to five years imprisonment on each of Counts I and II, with the sentence on Count II to run consecutively to the sentence on Count I; and to fifteen years imprisonment on Count IV to run concurrently with the sentences imposed on Counts I and II.

■ The main contested issue presented by the defendant's contentions on appeal is whether the evidence is sufficient to sustain the convictions. In resolving that issue we must view the evidence, together with the reasonable inferences which may be drawn therefrom, in the light most favorable to the government. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680; United States v. Shaffer, 7 Cir., 291 F.2d 689.

■ The defendant assails the sufficiency of the evidence to support his convictions on the two conspiracy counts primarily on the basis that it consists of the testimony of accomplices Vito Zaccagnini, an indicted co-conspirator, and Sandra Hafford, an unindicted co-conspirator. And in this connection the defendant points to the previous criminal record of Zaccagnini, to the fact that Zaccagnini pleaded guilty and subsequent to his testimony received a suspended sentence, and to a possible motive for Zaccagnini's testifying against him; and to testimony reflecting unfavorably upon the moral character of Sandra Hafford, and to her status as an embittered common-law wife of a co-conspirator co-defendant. Defendant urges that these

factors establish that the testimony of these witnesses has a "built-in untrustworthiness". But examination of the record discloses that the testimony of these witnesses was not entirely without corroboration. And, more important, "the credibility of a witness is a question for the jury" (Glasser v. United States, 315 U.S. 60, 77, 62 S.Ct. 457, 468, 86 L.Ed. 680). Our review of the record, in the light of that principle, convinces us that it contains evidence which supports the defendant's conspiracy convictions.

■■ Moreover, any infirmity in the conspiracy convictions is of no avail to the defendant if his conviction on the substantive count is adequately supported by the record. His consecutive five-year sentences on the two conspiracy counts (ten years) are to run concurrently with the fifteen-year sentence imposed on the substantive count, and where conviction on one count of an indictment is sustained it becomes unnecessary to consider the conviction on any other count on which the sentence imposed is not greater than and is concurrent with that imposed on the count sustained. United States v. Weaver, 7 Cir., 360 F.2d 903, 905; United States v. Gibas, 7 Cir., 300 F.2d 836, 841; United States v. Cioffi, 2 Cir., 253 F.2d 494, 496.

■ The substantive offense with which Count IV charges the defendant concerns the cashing of a counterfeit United States Savings Bond at the National Bank of Austin, in Chicago, Illinois, on December 9, 1963. There is undisputed testimony that on that date an employee of the bank cashed what purported to be a Series "E" United States Savings Bond of $100 denomination, payable to a "Tony Ricci", and bearing a designated issue date and serial number; that the instrument was endorsed in the employee's presence by a man identifying himself as "Tony Ricci"; and that the instrument was counterfeit and was one of a number of such counterfeit bonds presented and cashed by this same individual. A handwriting expert testified that these coun-

terfeit bonds endorsed "Tony Ricci" were compared with samples of the known handwriting of the defendant, and that in the witness' opinion the signature "Tony Ricci" endorsed on the counterfeits was made by the defendant. This evidence, of itself, is sufficient to support the conclusion by the jury that the defendant was guilty of the offense charged in Count IV of the indictment. And none of this evidence is subject to the aspersions the defendant would cast on Zaccagnini's testimony that on December 9, 1963, Zaccagnini and the defendant picked up about $20,000 in counterfeit bonds, together with false identifications, and passed the bonds at various financial institutions on the west side of Chicago and in the western suburbs, where the defendant cashed them, using the name "Tony Ricci".

The defendant advances contentions that improper and prejudicial argument addressed to the jury by the government prosecutor deprived the defendant of a fair trial and requires reversal of his convictions. The argument complained of includes the same matter we considered in United States v. D'Antonio, 7 Cir., 362 F.2d 151, at p. 155, in connection with similar contentions presented by co-defendants in their appeals, together with certain additional material which is equally subject to the observations made in *D'Antonio*. What we said there is dispositive here, and need not be repeated.

■ The remaining contention of the defendant is that the trial court erred in refusing to make the grand jury testimony of witnesses Zaccagnini and Hafford available to counsel for the defendant for purposes of cross-examination and impeachment of those witnesses. Defendant's reliance upon Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973, in this connection is wholly misplaced. The defendant at no time made any motion for the production of such grand jury testimony and, consequently, there is no basis for application of the rationale of *Dennis* to the instant case.

The defendant was ably represented on this appeal by court-appointed counsel, Mr. George D. Crowley, a member of the Chicago bar. We commend Mr. Crowley for the excellent and thorough presentation, both on brief and in oral argument, on defendant's behalf, and express our appreciation for the service he rendered.

The judgment order of the District Court is affirmed.