**UNITED STATES of America**

v.

**Edwin ESSENFELD and Essenfeld Transportation Corporation, Defendants.**

**No. 67 Cr. 76.**

United States District Court
S. D. New York.

April 7, 1967.

**638**

Robert M. Morgenthau, U. S. Atty., for Southern Dist. of New York, by John H. Doyle, III, Asst. U. S. Atty., for the Government.

Leo Howard, New York City, for defendants.

## MEMORANDUM

BONSAL, District Judge.

Defendant Edwin Essenfeld moves to dismiss each count of the information against him on the ground that each count fails to state facts sufficient to constitute an offense against the United States.

Defendant and Essenfeld Transportation Corporation (corporation) are *charged in a twelve-count information* with violations of certain provisions of the Motor Carrier Act, 49 U.S.C. 301 et seq. Counts 1 through 6 allege that defendant and the corporation, "a common carrier by motor vehicle," unlawfully gave a rebate by charging lesser rates than provided for in the tariffs in effect at the time in violation of 49 U.S.C. §§ 317(a), 317(b) and 322(c). Counts 7 through 12 allege that the defendant and the corporation, "a common carrier by motor vehicle," unlawfully relinquished control of freight before all charges were paid and extended credit for the amount of such charges for periods in excess of seven days after delivery in violation of 49 U.S.C. §§ 322(a) and 323.

■ As to the first six counts, defendant contends that sections 317(a) and 317(b) refer only to "a common carrier by motor vehicle" and that it is not alleged in the information, nor is he such a carrier. Section 322(c) refers to any "officer, employee, agent, or representative" of a carrier, but defendant contends that his status with the corporation, an essential element of any violation, is not alleged in the infor-

mation. Similarly, as to the last six counts, defendant contends that section 323 refers only to "a common carrier by motor vehicle."

It is doubtful whether defendant's status is an essential element which must be alleged in any asserted violation of section 322(c). The Government's bill of particulars filed in this action states that defendant is alleged to have acted as an officer of the corporation. See, 8 Moore, Federal Practice, ¶ 7.04 (2d ed.1966). In any event, there is a citation in each count of the information of 18 U.S.C. § 2, the general "aiding and abetting" provision, which is sufficient, without more, to notify the defendant of the grounds of his culpability. United States v. Russo, 284 F.2d 539 (2d Cir. 1960); Grant v. United States, 291 F.2d 746 (9th Cir. 1961), cert. denied, 368 U.S. 999, 82 S.Ct. 627, 7 L.Ed.2d 537 (1962); United States v. Palmero, 172 F.Supp. 183 (E.D.N.Y. 1959). As stated by the Supreme Court in United States v. Dotterweich, 320 U.S. 277, 284, 64 S.Ct. 134, 138, 88 L.Ed. 48 (1943): "To speak with technical accuracy, under § 301 [21 U.S.C. 301] a corporation may commit an offense and all persons who aid and abet its commission are equally guilty."

■ Moreover, as noted above, there is a citation in the last six counts of the information to 49 U.S.C. 322(a) which refers to any "person." The term "person" is defined in 49 U.S.C. 303(a) (1) to include "any individual." Therefore, even under defendant's hypertechnical analysis of the information, the last six counts clearly state sufficient facts to constitute an offense against the United States.

For the foregoing reasons, defendant's motion to dismiss is denied in all respects.

It is so ordered.