**James H. SINGLETARY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 74–1173.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 6, 1975.

Decided April 9, 1975.

**618**

Peter S. Smith, Michael S. Elder, Baltimore, Md., Steven C. Friedman, Law Student, and Susan Freedman, Law Student, for appellant.

Jack B. Crawley, Jr., Asst. U. S. Atty., Thomas P. McNamara, U. S. Atty., for appellee.

Before CLARK, Supreme Court Justice *, HAYNSWORTH, Chief Judge, and WINTER, Circuit Judge.

Mr. Justice CLARK.

Appellant was charged and pleaded guilty to offenses in the United States District Court as well as the Superior Court of Robeson County, North Carolina. The latter proceeding was filed on October 19, 1970, and charged Singletary with forging and uttering United States Treasury check No. 92,501,699 in violation of North Carolina General Statutes Sections 14–119 and 14–120. He waived his right to assigned counsel and entered a plea of guilty. Thereafter he was sentenced to imprisonment for a period of eighteen months, suspended, and he was placed on probation for three years. Subsequently, however, he violated his

probation, served a prison term, and was paroled on August 21, 1971.

One week later, on August 30, 1971, a federal grand jury indicted Singletary, charging him with (1) possession of United States Treasury check No. 92,501,699 in violation of 18 U.S.C. § 1708; (2) forging the endorsement of the payee on the same check in violation of 18 U.S.C. § 495; (3) uttering and publishing as true and genuine the same check with a falsely made and forged endorsement on the back, knowing the same to be forged in violation of 18 U.S.C. § 495; and three additional counts numbered (4), (5) and (6), covering the same sections of the United States Code but on an entirely different and separate Treasury check, No. 7,035,233. Singletary pleaded guilty to each of the six counts and was given a general sentence of five years pursuant to 18 U.S.C. § 3651. He was committed to jail for six months, and the remainder of his sentence was suspended. On December 5, 1972, his probation was revoked; he was returned to prison, but was released on parole on July 15, 1974.

On October 9, 1973, Singletary filed this § 2255 collateral attack on his sentence in the federal case, claiming a double jeopardy violation. The district court concluded: "it appears that Petitioner has been subjected to double jeopardy in violation of the Fifth Amendment" as to Counts 2 and 3, and struck both of the counts from the indictment. However, the district court held that the remaining counts were valid because Count 1 charged Singletary with possession of the stolen check mentioned in the North Carolina indictment, rather than forging and uttering the same; and Counts 4, 5, and 6, of course, were predicated on an entirely different Treasury check (No. 7,035,233). The trial judge then concluded that the general sentence of five years was valid since 18 U.S.C. § 1708 (possession) provides a maximum term of imprisonment up to 5 years and the maximum sentence under 18 U.S.C. § 495 (uttering and publishing) is ten years imprisonment.

Singletary first challenges us to affirm the District Court's dismissal of the two counts on which the State had already convicted him and, thereby, overrule the dual sovereignty doctrine of *Lanza, Abbate,* and *Bartkus.*[1] We must decline this invitation, since the Government filed no cross-appeal from the District Court's adverse ruling. The double jeopardy issue is therefore not before us.

Appellant next argues that his pleas of guilty to Counts 1, 4, 5, and 6 were not voluntary and therefore should be set aside. Singletary points out that he had no counsel and was not versed in the legal intricacies of double jeopardy law We do not doubt that an uncounseled defendant may have felt pressured into pleading guilty to all six counts, since he knew that, if he went to trial, he was sure to be convicted on Counts 2 and 3 anyway.

These allegations raise a possible question as to voluntariness which the trial court should have resolved in an evidentiary hearing. We therefore remand the case for such a hearing. In the event that the District Court finds that the guilty pleas were involuntary, a new trial must be granted. If, on the other hand, the guilty pleas on Counts 1, 4, 5, and 6 are found to have been voluntarily made, the sentence should nevertheless be reconsidered in light of the fact that only four of the original counts remain. If the trial court concludes that the length of the general sentence was influenced by Counts 2 and 3, appellant should be resentenced. We do not believe that this resolution does violence to the usual rule of judicial convenience that, when a general sentence does not exceed the maximum which could be imposed on any count, a reviewing court will not consider its duration. See United States v. Mims, 340 F.2d 851 (7th Cir. 1965).

The case is remanded for further proceedings.

---

**1.** Abbate v. United States, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959); Bartkus v. Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959); United States v. Lanza, 260 U.S. 377, 43 S.Ct. 141, 67 L.Ed. 314 (1922).